NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH KERNAHAN, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>LIFE CARE SERVICES, LLC, an Iowa Corporation; NEW LCS DEVELOPMENT, LLC, an Iowa Corporation; LCS HOLDINGS, INC., an Iowa Corporation; MICHAEL PAGE, an individual; and DOES 1 TO 50,<br><br>          Defendants. | Case No. CV 14-06813 MWF (PLAx)<br><br>**[DISCOVERY MATTER]**<br><br>**ORDER REGARDING STIPULATED PROTECTIVE ORDER OF THE PARTIES**<br><br>*[Concurrently filed with Stipulated Protective Order of the Parties]*<br><br>Complaint Filed:  July 17, 2014<br>Trial Date:       October 20, 2015<br>District Judge:   Michael W. Fitzgerald<br>Magistrate Judge: Paul L. Abrams |

Based upon the Stipulated Protective Order submitted by the Parties and for good cause shown, the Court hereby ORDERS that:

## 1.   **PURPOSES AND LIMITATIONS**

Discovery in this action, which has been brought by plaintiff Deborah Kernahan ("Plaintiff") against defendants Life Care Services LLC (erroneously named as Life Care Services, LLC), LCS Development LLC (erroneously named as New LCS Development, LLC), LCS Holdings, Inc., and Michael Page ("Defendants"), is likely to involve production of material that a producing party contends is confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted, including, but not limited to: (1) proprietary procedures, manuals, and policies; (2) proprietary and confidential operations information, including agreements or specifications; (3) internal business or financial information; (4) confidential scientific and technical designs, formulations, and information; (5) the personnel files of Defendants' current and/or former nonparty employees; (6) the private information of Defendants' current and/or former employees, including but not limited to employee names, contact information, and other information obtained from employees by virtue of and/or in the course of their employment with Defendants; (7) the confidential medical information about Defendants' current and/or former employees and/or clients; (8) any other similar proprietary, confidential, and/or private information; and (9) any trade secrets.

Good cause exists to protect the good faith designation of each of the categories of documents identified above, as prejudice or harm to Plaintiff and/or Defendants (collectively, the "Parties") and/or to one or more third parties may result if no protective order is granted.  In particular, business competitors of Defendants could obtain an unfair advantage, Defendants could be economically prejudiced, customers of Defendants could be economically prejudiced, and the privacy rights of

Defendants' current and/or former employees could be violated if any of the confidential information identified above is published for purposes outside those permitted in this Stipulated Protective Order.  The Parties seek to avoid undue economic harm to the Parties and/or to third parties resulting from complying with their discovery obligations.  The purpose of this Stipulated Protective Order is to protect any legitimately designated confidential business, employee, and privacy-protected information to be produced in this action from public disclosure.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties, and third parties designating documents for protection under this Order, acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The Parties further acknowledge, as set forth in Paragraph 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

2.     **DEFINITIONS**

2.1.   Unless otherwise specified, the terms listed below have the following meanings as used throughout this Stipulated Protective Order:

(a)     The terms "Acknowledgment And Agreement To Be Bound," "Certification," and "Certifications" mean and refer to the document which is entitled, "Acknowledgment And Agreement To Be Bound," and which has been attached as Exhibit A to this Stipulated Protective Order.

(b)     The terms "Confidential," "Confidential Information," and "Confidential Items" mean information (regardless of how generated, stored, or maintained) and/or tangible things that qualify for protection under the provisions of Paragraph 1, above.

(c)     The term "Counsel," without any qualifier, means Outside Counsel and House Counsel (as well as their respective support staffs).

(d)     The term "Designating Party" means a Party or nonparty that designates information and/or items that it produces in responses to discovery in this matter as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only."

(e)     The terms "Disclose," "Disclosed," and "Disclosure" mean to reveal, divulge, give, or make available any items, information, and/or materials, or any part thereof, or any information contained therein.

(f)     The term "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and/or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

(g)     The term "Expert" means any person(s) with specialized knowledge and/or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this action and who is not a current and/or former employee of an adverse Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

(h)     The terms "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Attorneys' Eyes Only Information," and "Highly Confidential – Attorneys' Eyes Only Items" mean extremely sensitive Confidential Information and/or Confidential Items whose Disclosure to another Party or to a nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

(i)     The term "House Counsel" means attorneys who are employees of a Party to this action.

(j)     The term "Outside Counsel" means attorneys who are not employees of any Party but who are and/or have been retained to represent

and/or advise one or more Parties in this action.

(k)     The terms "Party" and "Parties" mean any and all parties to this action, including, but not limited to, any and all officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff) of any party to this action.

(l)     The term "Private Material" means any document or other Discovery Material that contains the names, addresses, and/or other contact information of any current and/or former employee(s) of one or more of the defendant entities.

(m)     The term "Producing Party" means a Party or nonparty that produces Discovery Material in this action.

(n)     The term "Professional Vendors" means persons and/or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, and/or retrieving data in any form or medium; etc.) and their respective employees and/or subcontractors.

(o)     The terms "Protected Material" and "Protected Materials" mean any Discovery Material that is designated by any Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or that contains any Private Material.

(p)     The term "Receiving Party" means a Party that receives Discovery Material from a Producing Party.

(q)     The terms "Stipulated Protective Order" and "Order" mean and refer to the document captioned "Stipulated Protective Order Of The Parties."

2.2.     The Parties expressly agree that the term "trade secrets" shall mean and refer to any information – including any formula, pattern, compilation, program, device, method, technique, or process – that: (a) derives independent economic value, actual or potential, from not being generally known to the public or to other

persons who can obtain economic value from its Disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, and shall be interpreted in accordance with the definition of that term in Section 3426.1, subsection (d), of the California Civil Code.

**3.    SCOPE**

3.1.    Covered Materials.  The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, and/or compilations thereof, plus testimony, conversations, and/or presentations by Parties and/or Counsel to or in court and/or in other settings that actually reveal Protected Material.

Except as otherwise provided in Paragraph 11, below, Protected Material used at trial will become public absent a separate court order upon written motion and sufficient cause shown.  Any Party that intends to use Protected Material at trial will provide sufficient notice of the use of Protected Material, identifying the Protected Material with specificity, within sufficient time for the other Party to seek, via regular motion practice, a court order, or as required by court rules.  Sufficient notice shall be not less than ten (10) calendar days prior to the time by which a motion to protect Protected Material must be filed, or as required by court rules.

3.2.    Covered Parties.  After this Stipulated Protective Order has been signed by Counsel for the Parties, it shall be presented to the Court for entry.  All Parties who, through their Counsel, have executed this Stipulated Protective Order as of the time it is presented to the Court for signature shall be bound by all terms and provisions set forth herein.  Any Party who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Order, and shall thereafter be bound by all terms and provisions set forth herein, when Counsel for that Party (a) signs and dates a copy of this Order, and files the same with the Court; and (b) serves copies of such

signed, dated, and filed Order on all other Parties.

**4.** **DURATION**

    4.1.   Duration Of Confidentiality Obligations.  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise, in writing, or a court order otherwise directs.

    4.2.   Retention Of Jurisdiction.  To the extent permitted by law, the Court shall at all times retain jurisdiction to enforce, modify, and/or reconsider the terms and provisions of this Stipulated Protective Order, even after the termination of this litigation.

**5.** **DESIGNATING PROTECTED MATERIAL**

    5.1.   Exercise Of Restraint And Care In Designating Material For Protection. Each Party and/or nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, and/or oral or written communications that qualify – so that other portions of the material, documents, items, and/or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, and/or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, and/or that have been made for an improper purpose (e.g., to unnecessarily encumber and/or retard the case development process, or to impose unnecessary expenses and burdens on other Parties), will expose the Designating Party to sanctions.  If it comes to a Party's or a nonparty's attention that information and/or items that it previously designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or nonparty must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.    Manner And Timing Of Designations.  Except as otherwise provided in this Order (see, e.g., Paragraph 5.2(a)(ii)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is Disclosed or produced.  Designation in conformity with this Order requires:

(a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings):

i.    That the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

ii.    Any Party and/or nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

LCS-KER
Proposed Order re

ATTORNEYS' EYES ONLY") conspicuously on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

(b)     For testimony given in deposition and/or in other pretrial proceedings, that the Designating Party – or, if the Designating Party is not present, the Party or nonparty offering or sponsoring the testimony – identify, on the record, before the close of the deposition, hearing, and/or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party may invoke, on the record, and before the deposition, hearing, and/or other proceeding is concluded, a right to have a reasonable time period of up to twenty (20) calendar days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly Confidential – Attorneys' Eyes Only"). Only those portions of the testimony that are appropriately designated for protection within the reasonable time period of up to twenty (20) calendar days shall be covered by the provisions of this Stipulated Protective Order. Pages of transcribed deposition testimony and/or exhibits to depositions that reveal and/or contain Protected Material must be separately bound by the court reporter, who must affix conspicuously on each page that contains Protected Material the legend "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY," as instructed by the Party.

(c)     For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix, in a prominent place on the exterior of the container(s) in which the information and/or item is stored, the legend "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information and/or items warrant protection, the Producing Party shall, to the extent practicable, identify the protected portions, specifying whether they qualify as "Confidential" and/or as "Highly Confidential – Attorneys' Eyes Only."

5.3.    Inadvertent Failures To Designate.  If timely corrected, an inadvertent failure to designate qualified information and/or items as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing Of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, and/or a later significant disruption and/or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is Disclosed**, but the challenge must occur within the discovery period established by the District Judge**.

6.2.    Meet And Confer.

(a)     A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the

process by conferring directly (in voice-to-voice dialogue or in writing, by e-mail or U.S. Mail) with Counsel for the Designating Party.

(b) For any designation of "Highly Confidential – Attorneys' Eyes Only," the Designating Party shall, within five (5) court days following a request, provide the Party challenging the designation with a written statement supporting its contention as to why Disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means, including a designation as "Confidential." If such a statement is not timely provided, the material will be automatically reclassified as "Confidential."

(c) In conferring regarding "Confidential" designations, the Designating Party must explain, in writing, within ten (10) calendar days following a request to justify a designation, the basis for its belief that the confidentiality designation was proper and/or whether it will reconsider the circumstances and change the designation. A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet-and-confer process. The meet-and-confer requirements of this Paragraph, to the extent they are not duplicative, shall be in addition to the meet-and-confer requirements described in Rule 37-1 of the Central District of California Local Civil Rules.

6.3. Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that, consistent with the requirements of Paragraph 10 of this Stipulated Protective Order, identifies the challenged material and sets forth, in detail, the basis for the challenge. The filing of any such motion must be in the form of a Joint Stipulation that complies with the requirements of Rule 37-2 of the Central District of California Local Civil Rules. Each such Joint Stipulation must be accompanied by a competent declaration that affirms that the

movant has complied with the meet-and-confer requirements described in Paragraph 6.2, above, and that sets forth, with specificity, the lack of justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue, or the basis for disputing the designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all Parties and nonparties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   Basic Principles.

(a)   Each Receiving Party may use Protected Material that is Disclosed or produced by another Party or by a nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and not for any business purposes or in connection with any other litigation.

(b)   Protected Material may be Disclosed and/or produced only to the categories of persons and under the conditions described in this Order.

(c)   When the litigation has been terminated, each Receiving Party must comply with the provisions of Paragraph 12, below.

(d)   Protected Material must be stored and maintained by each Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(e)   As detailed below, the Court and its personnel are not subject to this Stipulated Protective Order.

7.2.   Disclosure Of Confidential Information And/Or Confidential Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose any information, document, and/or item that has been designated "Confidential" only to:

(a)   The Receiving Party's Outside Counsel of record in this action, as well

as employees of said Outside Counsel to whom it is reasonably necessary to Disclose the information, document, and/or item for this litigation;

(b)     The officers, directors, and employees (including, but not limited to, House Counsel) of the Receiving Party to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(c)     The officers, directors, and managers of the Designating Party (excluding, to the extent applicable, any members of the putative class(es) defined in this action, and, if one or more classes is certified, all members of such class(es)) during direct- or cross-examination during a deposition, to whom Disclosure is reasonably necessary for this litigation;

(d)     Experts of the Receiving Party to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(e)     The Court and its personnel;

(f)     Court reporters (other than those court reporters employed by the Court), their staffs, and Professional Vendors to whom Disclosure is reasonably necessary for this litigation and who have been informed that the information, document, and/or item is subject to a protective order and must remain confidential;

(g)     Any deposition, trial, and/or hearing witness who previously had access to the information, document, and/or item that has been designated "Confidential" to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(h)     Any person who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that previously had access to the information, document, and/or item that has been designated "Confidential" to whom Disclosure is reasonably necessary for this litigation;

(i)     Provided that the Parties have agreed to the Disclosure in writing, or the

Court has ordered the Disclosure, potential witnesses in the action to whom Disclosure is reasonably necessary and who have signed the Acknowledgment And Agreement To Be Bound;

(j)      Provided that the Parties have agreed to the Disclosure in writing, or the Court has ordered the Disclosure, putative class members in the action to whom Disclosure is reasonably necessary and who have signed the Acknowledgment And Agreement To Be Bound; and

7.3.    Disclosure Of Highly Confidential – Attorneys' Eyes Only Information And/Or Highly Confidential – Attorneys' Eyes Only Items.  As detailed below, the Court and its personnel are not subject to this Stipulated Protective Order.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose any information, document, and/or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a)      The Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to Disclose the information for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(b)      The officers, directors, and managers of the Designating Party during direct- or cross-examination during a deposition or at trial, to whom Disclosure is reasonably necessary for this litigation;

(c)      Experts to whom Disclosure is reasonably necessary for this litigation, and who have signed the Acknowledgment And Agreement To Be Bound;

(d)      The Court and its personnel;

(e)      Court reporters (other than those court reporters employed by the Court), their staffs, and Professional Vendors to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And Agreement To Be Bound; and

(f)      The author of the document or the original source of the information.

LCS-KER
Proposed Order re

7.4.    Procedures For Disclosure Of Protected Material To "Experts."  Unless otherwise ordered by the Court or agreed to, in writing, by the Designating Party, if the Receiving Party of the Protected Material seeks to Disclose to an Expert (as defined in this Order) any information and/or item that has been designated as Protected Material, it first must:

(a)    Ensure that the Expert has read this Stipulated Protective Order and has executed the Acknowledgment And Agreement To Be Bound;

(b)    Have in its possession the Expert's executed Acknowledgment And Agreement To Be Bound prior to releasing any Protected Material to the Expert; and

(c)    Ensure that the Expert has agreed not to Disclose the Protected Material to anyone who has not also agreed to be bound by the Acknowledgment And Agreement To Be Bound.

Provided the Receiving Party complies with the provisions of this Paragraph 7.4, the Receiving Party has no obligation to disclose the identity of any of its Experts pursuant to this Paragraph, but this Paragraph shall not affect any duty to disclose experts contained in applicable rules, by stipulation of the Parties, or by order of the Court.

7.5.    Restrictions On Use Of Private Materials.  The Private Materials shall not be used for the purpose of contacting Defendant's current employees during times at which Defendant's employees are or may be scheduled and/or expected to be working for Defendant, nor shall information from any Private Materials be revealed to the media.

## 8.    PROTECTED MATERIAL SUBPOENAED AND/OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel Disclosure of any information and/or items designated in this action as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must:

(a)     Notify the Designating Party, in writing (by fax or e-mail, if possible). The Receiving Party must provide such notification as soon as is practicable, and must use its best efforts to provide such notification within three (3) court days after receiving the subpoena or order.  When providing such notification to the Designating Party, the Receiving Party must include a copy of the subpoena or court order that would compel the Disclosure described herein.

(b)     Provide prompt notification, in writing, to the party that caused the issuance of the subpoena or order in the other litigation that some or all the information and/or items covered by the subpoena or order is the subject of this Stipulated Protective Order.  When providing such notification to the party in the other action that caused the subpoena or order to issue, the Receiving Party must include a copy of this Stipulated Protective Order.

The purpose of imposing these duties on the Receiving Party is to alert the interested parties in the other action that caused the subpoena or order to issue to the existence of this Stipulated Protective Order, and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

The Designating Party shall bear the burden and expense of seeking protection in any other court of its confidential material in response to a subpoena or an order issued in other litigation that would compel the Disclosure described herein.

## 9.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has Disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a)     Notify the Designating Party, in writing, of the unauthorized Disclosure(s);

(b)      Use its best efforts to retrieve all copies of the Protected Material;

(c)      Inform the person or persons to whom unauthorized Disclosures were made of all the terms of this Order; and

(d)      Request that the person or persons to whom unauthorized Disclosures were made execute the Acknowledgment And Agreement To Be Bound.

**10.      FILING PROTECTED MATERIAL**

10.1.  Procedures In Connection With Filing Protected Material.  A Receiving Party may not file in the public record in this action any Protected Material designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" without complying with the following rules and orders regarding lodging or filing material under seal: Rule 26(c) of the Federal Rules of Civil Procedure, Rule 79-5 of the Central District of California Local Civil Rules, and paragraph 6 of the Honorable Michael W. Fitzgerald's Procedures and Schedules.  In addition, any Party seeking to file under seal any Protected Material designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" must comply with Rule 79-5 of the Central District of California Local Civil Rules and paragraph 6 of the Honorable Michael W. Fitzgerald's Procedures and Schedules.  **Good cause must be shown for the under seal filing.**

Each Party agrees not to oppose any motion to seal Protected Material, except and only to the extent that a Party challenges or has previously challenged, in any manner, the designation of the Protected Material that is the subject of the motion to seal.

10.2.  Procedure In The Event Of A Violation.  If any Receiving Party or other Party learns that, by inadvertence or otherwise, it has filed in the public record Protected Material that has been designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" without a sealing order or under any circumstance not authorized under this Stipulated Protective Order, the Receiving Party or other Party must immediately use its best efforts to retrieve and remove

from the public record all copies of such Protected Material, including by withdrawing from the public record any such improperly filed documents.  In the event that a Designating Party and/or a Producing Party notifies a Receiving Party or other Party, in writing, that such Party has filed Protected Material designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" without a sealing order or under any circumstance not authorized under this Stipulated Protective Order, the Receiving Party or other Party must withdraw from the public record any such improperly filed documents containing and/or attaching unsealed Protected Material within twenty-four (24) hours of the notice provided by the Designating Party and/or the Producing Party.  As an alternative to the procedures described in this Paragraph 10.2, the Parties may mutually agree to utilize a different, but reasonable, method of handling the unauthorized Disclosure of Protected Material at the time such issue arises.

10.3.  Remedies For Violation.  The Parties agree that the failure of any Receiving Party or other Party to comply with Paragraphs 10.1 and/or 10.2 of this Stipulated Protective Order, including by filing in the public record any Protected Material designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" without a sealing order, has the potential to cause irreparable injury to the Producing Party, the Designating Party, and/or other third parties whose information is improperly filed in the public record.  The Parties further agree that such injured Parties and/or third parties do not have an adequate remedy at law for such violations, and that injunctive relief is an appropriate remedy.  Therefore, in the event such a violation occurs, or is threatened, the Parties agree that any such injured Parties and/or third parties may immediately apply to the Court to obtain injunctive relief, and further agree that any Party objecting to such relief shall not employ as a defense thereto the claimed existence of an adequate remedy at law.  In addition to injunctive relief, as specified herein, the Parties also agree that the Court may impose monetary sanctions, issue and/or evidentiary sanctions, and/or any other relief

LCS-KER
Proposed Order re

deemed appropriate under the circumstances for a violation of this Stipulated Protective Order.

All Parties and other persons subject to the terms of this Stipulated Protective Order agree that the Court shall retain jurisdiction for the purposes of enforcing this Stipulated Protective Order – including, but not limited to, for the purpose of evaluating any application for injunctive relief and/or other relief pursuant to this Paragraph 10.3.

## 11.   USING PROTECTED MATERIAL AT TRIAL

Not later than the deadline for filing pretrial disclosures pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, the Parties shall meet and confer regarding the procedures for use of Protected Material at trial and shall move the Court for entry of an appropriate order.  In the event that the Parties cannot agree upon the procedures for use of Protected Material at trial, each Party shall include a notation in its pretrial disclosures that the intended disclosure contains Protected Material.  The Parties may object to the Disclosure of Protected Material pursuant to Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure, and the Court shall resolve any outstanding disputes over such Disclosure.

## 12.   FINAL DISPOSITION

12.1.  Return And/Or Destruction Of Protected Materials.  Unless otherwise ordered or agreed in writing by the Producing Party and, if not the same person or entity, the Designating Party, within sixty (60) calendar days after the settlement or other final termination of this action, each Receiving Party must return to the Producing Party all Protected Materials, and all reproductions thereof, including all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Materials.  In the alternative, and upon receipt of permission, in writing, from the Designating Party, a Receiving Party may elect, within sixty (60) calendar days after the settlement or other final termination of this action, to destroy some or all of the Protected Materials.

12.2.  Return And/Or Destruction Of Protected Materials Pertaining Only To Class Discovery.  Unless otherwise ordered or agreed in writing by the Producing Party and, if not the same person or entity, the Designating Party, within sixty (60) calendar days after the Parties receive notice of an order denying class certification in this action, each Receiving Party must return to the Producing Party all Protected Materials that pertain solely to class discovery, and all reproductions thereof, including all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Materials that pertain solely to class discovery.  In the alternative, and upon receipt of permission, in writing, from the Designating Party, a Receiving Party may elect, within sixty (60) calendar days after the Parties receive notice of an order denying class certification in this action, to destroy some or all of the Protected Materials that pertain solely to class discovery. The Receiving Party's obligation to return or destroy Protected Materials pursuant to this Paragraph 12.2 shall extend only to such Protective Materials that do not pertain the matters still at issue in the action.

12.3   Certification Of Disposition Of Protected Materials.  Prior to expiration of the sixty (60) day deadlines described in Paragraphs 12.1 and 12.2, above, Counsel for each Receiving Party must submit a written certification to the Producing Party and, if not the same person or entity, the Designating Party that (a) identifies (by category, where appropriate) all of the Protected Materials that were returned to the Producing Party; (b) identifies (by category, where appropriate) all of the Protected Materials that, with written permission from the Designating Party, were destroyed by the Receiving Party; and (c) affirms that the Receiving Party has not retained any Protected Materials, including any copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Materials.

12.4.  Retention Of Archival Copies.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts,

legal memoranda, correspondence, and/or attorney work product, even if such materials contain and/or reveal Protected Materials.  Any such archival copies that contain or constitute Protected Materials remain subject to this Stipulated Protective Order as described in Paragraph 4, above.

**13.   MISCELLANEOUS**

13.1.  Counsel Agree To Maintain A File Of All Certifications (Exhibit A) Required By This Order.  The file containing the Acknowledgments And Agreements To Be Bound and the specific Certifications therein shall not be available for review by opposing Counsel absent an agreement of the Parties or an order of the Court in this action determining that there is a good faith basis for the Certifications, or any part of them, to be reviewed.

13.2.  Right To Further Relief.  Nothing in this Order abridges the right of any person and/or entity to seek its modification by the Court at any time in the future.

13.3.  Right To Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

**IT IS SO ORDERED.**

DATED:  June 1, 2015

_____
HON. PAUL L. ABRAMS
U.S. MAGISTRATE JUDGE

21354105.1